**U.S. Department of Justice**

*United States Attorney* FILED

*District of Connecticut*

2012 JUN 28 | P 2: 14

U.S. DISTRICT COURT
BRIDGEPORT. CONN

Connecticut Financial Center          (203)821-3700
157 Church Street
New Haven, Connecticut 06510          Fax (203) 773-5376

June 28, 2012

James T. Cowdery, Esq.
Cowdery, Ecker & Murphy, L.L.C.
280 Trumbull Street
Hartford, Connecticut  06103

   RE: *United States v. United Technologies Corporation, Hamilton Sundstrand*
      *Corporation and Pratt & Whitney Canada Corp.*

Dear Attorney Cowdery:

   This letter confirms the plea agreement between your client, Pratt & Whitney Canada Corp. (the "defendant" or "PWC"), and the United States Attorney's Office for the District of Connecticut (the "Government") concerning the referenced criminal matter.  This plea agreement and the parties' related Deferred Prosecution Agreement are connected to, and conditioned upon the contemporaneous, satisfactory resolution of the related matters with the United States Department of State's Office of Defense Trade Controls Compliance in the Directorate of Defense Trade Controls ("DDTC").

## THE PLEA AND OFFENSES

   The defendant, PWC, agrees to waive its right to be indicted and to plead guilty, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, to two counts of a three-count Information charging it with (1) violations of the Arms Export Control Act ("AECA") and the International Traffic in Arms Regulations ("ITAR"); and (2) making materially false, fictitious and fraudulent statements in certain disclosures, as set forth in detail below:

    Count One: <u>Willful Violations of the Arms Export Control Act for Willfully Causing</u>
         <u>the Export of Defense Articles without a License</u>

   Count One of the Information charges that from approximately January 2002 to October 2003, PWC knowingly and willfully caused Hamilton Sundstrand Corporation ("HSC") to export from the United States, and caused to be exported to the People's Republic of China, defense articles, that is, technical data in the form of HSC software to test and operate the Electronic Engine Control ("EEC") for certain PWC helicopter engines that were used in the development of a Chinese Z10 military attack helicopter, without having first obtained from the United States Department of State a license or written authorization for such exports, in violation of Title 22, United States Code, Sections 2778(b)(2) and 2778(c), Title 18, United States Code, Section 2, and Title 22, Code of Federal Regulations, Sections 127.1(a) and 127.3.

PWC understands that to be guilty of Count One, the following essential elements of the offense must be satisfied:

(1)   The defendant exported, attempted to export or caused to be exported from the United States a defense article or a technology relating to a defense article;

(2)   The defendant did not obtain a license or written approval for the export from the United States Department of State; and

(3)   The defendant did such acts willfully.

<u>Count Two</u>:   <u>False Statements to the United States Department of State</u>

Count Two of the Information charges that from approximately July 2006 to September 2006, United Technologies Corporation ("UTC"), PWC and HSC (collectively, the "UTC Entities") knowingly and willfully made and caused to be made materially false, fictitious and fraudulent statements in certain disclosures, in a matter within the jurisdiction of a department or agency of the United States, namely, by submitting disclosures, on July 17, 2006 and September 6, 2006 to the United States Department of State's Office of Defense Trade Controls Compliance in the Directorate of Defense Trade Controls, which disclosures stated:

(1)   that the Chinese Z10 helicopter program was first represented to PWC as a dual-use helicopter platform where civil and military applications would be developed in parallel, but as it unfolded, the CMH became a military attack helicopter platform with a civil helicopter platform to follow;

(2)   that from the inception of the Z10 program in 2000, representatives from the China Aviation Industry Corporation II ("AVIC II") and the China National Aero-Technology Import & Export Corporation ("CATIC") in the People's Republic of China advised PWC that the Z10 program was a common helicopter program from which both civil and military variants would be developed in parallel utilizing a common platform; and

(3)   that PWC only learned several years into the project that the military version of the helicopter was the lead version, which they learned for the first time, by happenstance, in March 2003, when certain PWC engineers walked through a hangar in China and saw the Z10 attack helicopter prototype for the first time; while the UTC Entities knew and were in possession of materials demonstrating that PWC personnel knew, at the project's inception in 2000, that the Z10 program involved a military attack helicopter.

All in violation of Title 18, United States Code, Section 1001.

PWC understands that to be guilty of Count Two, the following essential elements of the offense must be satisfied:

(1)     The defendant made a statement or representation;

(2)     The statement or representation was material;

(3)     The statement or representation was false, fictitious or fraudulent;

(4)     The defendant acted knowingly and willfully in making the false, fictitious or fraudulent statement; and

(5)     The statement or representation was with respect to a matter within the jurisdiction of the government of the United States.

## THE PENALTIES

Each offense carries a maximum penalty of five (5) years' probation and a fine of $500,000.  The defendant also is subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $500,000.

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $400.00 on each count of conviction.  The defendant agrees to pay the special assessment to the Clerk of the Court no later than 14 days after sentencing.

Finally, unless otherwise ordered, should the Court impose a fine of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine not paid within 15 days after the judgment date.  18 U.S.C. § 3612(f).  Other penalties and fines may be assessed on the unpaid balance of a fine pursuant to 18 U.S.C. § 3572 (h), (i) and § 3612(g).

Forfeiture

Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and based on PWC's commission of the illegal acts as charged in Count One of the Information, PWC agrees to forfeit a sum of money in the amount of $2.3 million, which the parties agree represents a reasonable estimate of the total gross profit arising from the conduct set forth in Count One.  Specifically, 10 development engines supported by the EEC software were actually delivered to China. Two of the 10 development engines were used on a ground test version, PT01; six engines were used on each of three flight test aircraft, PT02, PT03 and PT03A; and the remaining two engines were used as spare development engines.  The total revenues for the 10 development engines and associated spare parts and support, tooling, technical support for engine installation, operations and maintenance and support of the engines during the flight test program, minus the costs for producing such materials, is reasonably estimated by the parties to be $2 million.  PWC

subsequently overhauled and repaired one of those engines, resulting in a gross profit from that work reasonably estimated to be $300,000. Accordingly, the total gross gain to PWC is reasonably estimated by the parties to be $2.3 million. As a result of this and other conduct set forth in the statement of facts attached to the corresponding Deferred Prosecution Agreement as Appendix A ("Statement of Facts"), PWC agrees that the United States may institute a criminal forfeiture action for a $2.3 million money judgment, which is properly subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). Accordingly, $2.3 million is assessed as a criminal forfeiture penalty for the value of the 10 engines delivered and supported by the EEC software, as a consequence of the conduct that forms the basis of Count One of the Information. PWC agrees that for purposes of this agreement, the $2.3 million is equal to the proceeds of illegal actions traceable to violations of 22 U.S.C. § 2778, the violations that form the basis of Count One of the Information and the criminal forfeiture allegation in this case.

No later than 14 days after the day of sentencing, PWC agrees to make payment in full of the foregoing money judgment forfeiture, in the form of a wire transfer or check for $2.3 million payable to the U.S. Department of Homeland Security for deposit into the U.S. Department of Treasury Forfeiture Fund for disposition in accordance with law. If the said money judgment amount is not paid within 14 days after the day of sentencing, the agreed-upon money judgment forfeiture shall become a part of the judgment of sentence, and the United States shall be entitled to pursue the seizure and forfeiture of any and all substitute assets in order to satisfy the money judgment forfeiture, pursuant to 21 U.S.C. § 853(p) and Rule 32.2(e) of the Federal Rules of Criminal Procedure.

PWC agrees to consent to the entry of an order of forfeiture for the above-specified money judgment amount, and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. PWC acknowledges that it understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise it of this, pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure, at the time that its guilty plea is accepted.

PWC agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of the above-listed assets covered by this agreement. The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

PWC understands and agrees that by virtue of its plea of guilty it waives any rights or cause of action to claim that it is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

**FACTUAL PROFFER**

PWC agrees that those portions of the Statement of Facts that are attributed to or refer to PWC are true and accurate to the best of its knowledge and belief and establish an adequate factual basis for PWC's plea to Counts One and Two of the Information.

**THE AGREED SENTENCE**

Plea Agreement Pursuant to Rule 11(c)(1)(C)

PWC and the Government agree that the following maximum fines and special assessments should be imposed by the Court in connection with PWC's guilty plea to Counts One and Two of the Information, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure: a $4.6 million fine (twice the gross gain) *see* 18 U.S.C. §3571(d); and a total of $800 in special assessments ($400 per count), *see* 18 U.S.C. § 3013(a)(2)(B). PWC agrees that it will pay the fine and special assessments by wire transfer or check within 14 days after the day of sentencing.

PWC and the Government agree, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, that in connection with PWC's guilty plea to Counts One and Two of the Information, a sentence of a $4.6 million fine, $800 in special assessments, and probation for a period of two years is a reasonable and appropriate sentence, which is sufficient, but not greater than necessary, to achieve the purposes of sentencing in light of the factors set forth under 18 U.S.C. § 3553(a).

In accordance with Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, if the Court accepts this plea agreement, the Court must include the agreed disposition in the judgment. Pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure, if the Court rejects this plea agreement or the agreed-upon sentencing stipulation, the defendant shall be afforded the opportunity to withdraw the plea. The defendant understands that it has no right to withdraw its guilty plea as long as the Court imposes a sentence consistent with the terms of the stipulated sentence.

Immediate Sentencing

PWC agrees to waive a pre-sentence investigation and report and consents to the District Court conducting a sentencing hearing and imposing sentence on the same date as the entry of the guilty plea.

## DISPOSITION OF REMAINING COUNT AS AGAINST PWC

In exchange for PWC's pleas of guilty to Counts One and Two of the Information, the Government will move to defer prosecution of PWC on Count Three of the Information pursuant to the terms and conditions set forth in the parties' Deferred Prosecution Agreement. PWC agrees that the Government has a good faith basis to bring all the counts in the Information, and that these charges are not frivolous, vexatious or in bad faith. PWC also agrees that if at a future time the Government should move to dismiss Count Three of the Information pursuant to the terms of the parties' Deferred Prosecution Agreement, PWC is not a "prevailing party" with regard to that charge. PWC further waives any possible claim for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this case.

## WAIVER OF RIGHT TO APPEAL OR COLLATERALLY ATTACK CONVICTION AND SENTENCE

PWC acknowledges that under certain circumstances it is entitled to challenge its conviction and sentence. PWC agrees not to appeal or collaterally attack in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241, the conviction or sentence imposed by the Court on Counts One and Two of the Information if that sentence does not exceed a fine of $4.6 million, special assessments of $800, a money judgment forfeiture of $2.3 million, and probation for a period of two years, even if the Court imposes such a sentence based on an analysis different from that specified above. The defendant acknowledges that it is knowingly and intelligently waiving these rights. Furthermore, the parties agree that any challenge to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) this waiver.

## WAIVER OF RIGHTS

### Waiver of Right to Indictment

PWC understands that it has the right to have the facts of this case presented to a federal grand jury, consisting of between 16 and 23 citizens, 12 of whom would have to find probable cause to believe that it committed the offenses set forth in the Information before an indictment could be returned. The defendant acknowledges that it is knowingly and intelligently waiving its right to be indicted.

### Waiver of Trial Rights and Consequences of Guilty Plea

The defendant understands that it has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent it.

The defendant understands that it has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against it, the right not to be compelled to incriminate itself, and the right to compulsory process for the attendance of witnesses to testify in its defense. The defendant understands that by pleading guilty it waives and gives up those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if it pleads guilty, the Court may ask it questions about each offense to which it pleads guilty, and if it answers those questions falsely under oath, on the record, and in the presence of counsel, its answers may later be used against it in a prosecution for perjury or making false statements.

Waiver of Venue

The defendant understands that the Government must prosecute an offense in a particular place or "venue" – namely, in a state and district where the crime was committed. By entering into this plea agreement, the defendant expressly acknowledges that, to the extent that venue may be an issue for any particular charge set forth in the Information, and specifically for Count Two of the Information, it is knowingly, intelligently and voluntarily waiving its right to be prosecuted in a district where venue is proper, and it is knowingly, intelligently and voluntarily consenting to the disposition of this case in the District of Connecticut. Such a waiver of the right to be prosecuted in the state and district where a crime was committed is constitutionally permissible. *See, e.g., Singer v. United States*, 380 U.S. 24, 35 (1965).

Waiver of Statute of Limitations

PWC agrees that, should the conviction following defendant's plea of guilty pursuant to this plea agreement be vacated for any reason, then any prosecution relating to the conduct set forth in the Statement of Facts that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss pursuant to this plea agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any such prosecution that is not time-barred on the date the plea agreement is signed (including the effect of any tolling agreements).

## ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The defendant acknowledges that it is entering into this agreement and that it is pleading guilty freely and voluntarily because it is guilty.  The defendant further acknowledges that it is entering into this agreement without reliance upon any discussions between the Government and PWC (other than those described in the plea agreement letter and the parties' Deferred Prosecution Agreement), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter and the parties' Deferred Prosecution Agreement), and without threats, force, intimidation, or coercion of any kind.  The defendant further acknowledges its understanding of the nature of the offenses to which it is pleading guilty, including the penalties provided by law.  The defendant also acknowledges its complete satisfaction with the representation and advice received from its undersigned attorneys.  The defendant and its undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

The defendant acknowledges that it is not a "prevailing party" within the meaning of Public Law No. 105-119, section 617 (the "Hyde Amendment") with respect to the counts of conviction or any other count or charge that may be dismissed pursuant to this agreement or pursuant to the parties' Deferred Prosecution Agreement.  The defendant voluntarily, knowingly, and intelligently waives any rights it may have to seek  attorney's fees and other litigation expenses under the Hyde Amendment.

## SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority or any state or local authority.  The defendant acknowledges that, other than those encompassed by the "global resolution" identified in the first and last paragraphs of this letter, no representations have been made to it with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved.

## COLLATERAL CONSEQUENCES

The defendant further understands that it will be adjudicated guilty of each offense to which it has pleaded guilty and may be deprived of certain rights.  The defendant understands that the Government reserves the right to notify any state or federal agency by which it is licensed, or with which it does business, of the fact of its conviction.

**SATISFACTION OF FEDERAL CRIMINAL LIABILITY**

The defendant's guilty plea and Deferred Prosecution Agreement, if accepted by the Court, will satisfy the federal criminal liability of the defendant corporation as a result of its participation in (1) the willful violations of the Arms Export Control Act and the International Traffic in Arms Regulations described in Count One; (2) the false statements in the disclosures described in Count Two; and (3) the conduct set forth in the Statement of Facts, all of which forms the basis of the Information in this case.

**NO OTHER PROMISES**

The defendant acknowledges (i) that this plea agreement as well as the Deferred Prosecution Agreement and its appendix set forth the entire understanding between PWC and the Government and (ii) that this plea agreement was reached as part of a "global resolution" among PWC, the Government and the Department of State as set forth in the opening paragraph of this letter. No promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, as well as the Deferred Prosecution Agreement and its appendix, and none will be entered into unless set forth in writing and signed by appropriate representatives of PWC and the Government.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

DAVID B. FEIN
UNITED STATES ATTORNEY

MICHAEL J. GUSTAFSON
ASSISTANT UNITED STATES ATTORNEY

STEPHEN B. REYNOLDS
ASSISTANT UNITED STATES ATTORNEY

AGREED TO:

CHESTER PAUL BEACH, JR.
ASSOCIATE GENERAL COUNSEL
UNITED TECHNOLOGIES CORPORATION
on behalf of Pratt & Whitney Canada Corp.

**CERTIFIED COPY OF RESOLUTION – Pratt & Whitney Canada**

I, Alain C. Rondeau, the duly elected Secretary of Pratt & Whitney Canada Corp. ("PWC"), a corporation duly organized under the laws of Nova Scotia, Canada, hereby certify that the following is a true and exact copy of a resolution approved by the Board of Directors of PWC at a meeting held at Longueuil, Quebec on 21 June 2012.

WHEREAS, PWC has been engaged in discussions through counsel with the United States Attorney's Office for the District of Connecticut (the "Office") in connection with an investigation being conducted by the Office into activities regarding the CMH / Z10 helicopter program and related disclosures made by United Technologies Corporation ("UTC"), Hamilton Sundstrand Corporation ("HSC") and PWC;

WHEREAS, the Board of Directors of PWC consents to resolution of these discussions by PWC entering into a Deferred Prosecution Agreement and its appendix, and a plea agreement, all of which the Board of Directors has reviewed with counsel representing PWC, relating to an Information to be filed in the United States District Court for the District of Connecticut charging: (1) PWC with willfully causing HSC to export and cause to be exported from the United States to the People's Republic of China, defense articles, that is, technical data in the form of software to test and operate the Electronic Engine Control ("EEC") for certain PWC helicopter engines that were used in the development of a Chinese "Z10" attack helicopter, without having first obtained from the United States Department of State a license or written authorization for such exports, in violation of Title 22, United States Code, Sections 2778(b)(2) and 2778(c), Title 18, United States Code, Section 2, and Title 22, Code of Federal Regulations, Sections 127.1(a) and 127.3; (2) UTC, HSC and PWC with violations of Title 18, United States Code, Section 1001 in connection with statements made in a disclosure thereof; (3) PWC and HSC with knowingly and willfully failing to inform the Directorate of Defense Trade Controls of the sale and transfer of defense articles and technical data to China; a country with which the United States maintains an arms embargo, in violation of Title 22, United States Code, Section 2778(c) and Title 22, Code of Federal Regulations, Sections 126.1(a) and (e); and (4) setting forth certain forfeiture allegations;

NOW THEREFORE, BE IT RESOLVED that counsel Chester Paul Beach, Jr., Associate General Counsel for United Technologies Corporation, be and hereby is authorized to execute the Deferred Prosecution Agreement and its appendix and the plea agreement, on behalf of PWC substantially in the same form as reviewed by the Board of Directors at this meeting and as attached hereto as Exhibits A and B.

IN WITNESS WHEREOF, I have hereunto signed my name as Secretary and affixed the Seal of said Corporation as of this 21st day of June 2012.

Secretary

Corporate Seal

## Certificate of Counsel

We are outside counsel for Pratt & Whitney Canada Corp. ("PWC") in connection with a prosecution brought against it by the United States Attorney's Office for the District of Connecticut regarding the CMH/Z10 helicopter program and related disclosures made by PWC to the United States Department of State.  We have thoroughly reviewed and discussed this plea agreement and deferred prosecution agreement, including attachment, with authorized representatives of PWC, who advise us that PWC understands and accepts the terms thereof.


_____               Dated: _6·28·12_____
JAMES T. COWDERY, ESQ.
Cowdery, Ecker & Murphy, LLC
Attorney for UTC, HSC and PWC